[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11981

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ARNITA AVERY-KELLY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:16-cr-00442-ELR-JSA-1

_____

Before WILSON, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Arnita Avery-Kelly, a federal prisoner, appeals the district court's denial of her motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act.[1]  The government has moved for summary affirmance and for a stay of the briefing schedule.  We summarily affirm the district court's denial and deny as moot the government's motion to stay the briefing schedule.

In 2019, a jury convicted Avery-Kelly of 27 counts of distributing and dispensing controlled substances outside the scope of her podiatry practice.  The district court imposed a total sentence of 120 months' imprisonment.  We affirmed Avery-Kelly's convictions and sentence on direct appeal.

In December 2020, Avery-Kelly moved *pro se* for compassionate release under section 3582(c)(1)(A).  Avery-Kelly later filed an amended motion with the assistance of her court-appointed lawyer.  Avery-Kelly sought relief based on the COVID-19 pandemic. Avery-Kelly alleged that -- as a 58-year-old obese Black woman suffering from hypertension and pre-diabetes -- she was at increased risk of serious illness if she were to contract COVID-19.  Avery-Kelly asserted that her underlying medical conditions combined

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

21-11981                Opinion of the Court                3

with her inability to take adequate precautions against COVID-19 infection while incarcerated constituted extraordinary and compelling reasons warranting relief.

The district court denied Avery-Kelly's motion for compassionate release.[2]  The district court determined that Avery-Kelly had not shown that her medical conditions rose to the level of extraordinary and compelling reasons that would warrant relief.  Nor had Avery-Kelly shown that she was receiving inadequate medical treatment while in prison.  Having concluded that Avery-Kelly failed to show an extraordinary and compelling reason for relief, the district court said it was unnecessary to consider the 18 U.S.C. § 3553(a) factors.

On appeal, Avery-Kelly contends that the district court failed to make adequate fact-findings about whether her medical conditions constituted extraordinary and compelling reasons justifying compassionate release.  Avery-Kelly also argues that the district court abused its discretion by declining to address the 18 U.S.C. § 3553(a) factors.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where,

_____

[2] The district court also determined that Avery-Kelly was ineligible for placement on home confinement under 34 U.S.C. § 60541(g)(1).  Avery-Kelly raises no challenge to this ruling on appeal.

as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review for abuse of discretion the district court's decision about whether to grant or to deny a defendant compassionate release. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Khan*, 794 F.3d 1288, 1293 (11th Cir. 2015).

A district court has no inherent authority to modify a defendant's sentence and "may do so only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015). As amended by the First Step Act, section 3582(c)(1)(A) authorizes a district court to modify a term of imprisonment if these three conditions are met: "(1) extraordinary and compelling reasons warrant such a reduction, (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) § 3553(a) sentencing factors weigh in favor of a reduction." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (quotations omitted); 18 U.S.C. § 3582(c)(1)(A). The district court may consider these conditions in any order, and the absence of one of the three conditions forecloses a sentence reduction. *See United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

The policy statements applicable to section 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13; *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021). The commentary to

21-11981                Opinion of the Court                5

section 1B1.13 identifies four categories -- including a prisoner's medical condition -- that might constitute extraordinary and compelling reasons warranting a reduced sentence.  U.S.S.G. § 1B1.13 comment. (n.1).

Pertinent to this appeal, a prisoner's medical condition may warrant a sentence reduction if the prisoner (1) has a terminal illness, or (2) has a substantially diminished ability to provide self-care in prison because of a serious physical or mental condition or because of age-related deterioration in physical or mental health.  *Id.* § 1B1.13 comment. (n.1(A)).[3]  If the district court decides that a defendant's circumstances meet none of the four categories in Application Note 1, the defendant is ineligible for relief.  *Bryant*, 996 F.3d at 1254.

The district court abused no discretion in concluding that the medical conditions described by Avery-Kelly -- including obesity, hypertension, pre-diabetes, and the potential for an increased risk of complications due to COVID-19 -- constituted no "extraordinary and compelling reason" within the meaning of section

---

[3] That the circumstances identified in Application Notes 1(B) (addressing defendants 65 and older) and 1(C) (addressing a defendant's family circumstances) are inapplicable in this case is clear.  We have also concluded that the "catchall" provision in Application Note 1(D) applies only in situations where the Bureau of Prisons has identified other reasons warranting a sentence reduction.  *See Bryant*, 996 F.3d at 1248 (explaining that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.").

1B1.13. Avery-Kelly has not shown that she suffers from a terminal illness or from a serious medical condition that "substantially diminishes" her ability to provide self-care in prison. *See* U.S.S.G. § 1B1.13, comment. (n.1(A)). Nor did Avery-Kelly allege that she was receiving inadequate treatment for her medical conditions. *See Giron*, 15 F.4th at 1346 (concluding no abuse of discretion occurred when the district court found no "extraordinary and compelling reason" for compassionate release because the defendant's "high cholesterol, high blood pressure, and coronary artery disease were manageable in prison, despite the existence of the COVID-19 pandemic."). That Avery-Kelly's medical conditions might put her at some increased risk of serious illness due to COVID-19 does not, by itself, mandate a finding of an extraordinary and compelling reason under section 1B1.13. *See id.*

We also reject Avery-Kelly's argument that the district court abused its discretion by declining to consider the section 3553(a) factors. "When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public." *See Giron*, 15 F.4th at 1347; *Tinker*, 14 F.4th at 1237-38.

No substantial question exists on the outcome of this appeal; the government's position is clearly right as a matter of law. The government's motion for summary affirmance is GRANTED, and the government's motion to stay the briefing schedule is DENIED as moot.